UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LEROY J. FLEMING,

      Plaintiff,

v.               CASE NO. 05-CV-70617-DT
                 HON. ARTHUR J. TARNOW

COUNTY OF WAYNE (DISTRICT ATTORNEY),
CYNTHIA GRAY HATHAWAY, SARAH DE YOUNG,
ALFRED COLEMAN, JERRY OLIVER,
CHARLES RICHARDS, and JUJUAN SANDIFER,

      Defendants.
_____/

## ORDER OF DISMISSAL

### I.  Introduction

    Plaintiff Leroy J. Fleming is a state inmate presently confined at Pugsley

Correctional Facility in Kingsley, Michigan.  He has filed a *pro se* civil rights complaint

under 42 U.S.C. §§ 1981, 1983, 1985(2) and (3), and 1986 for alleged violations of his

rights under the First, Fourth, and Fourteenth Amendments to the United States

Constitution.  Defendants are:  Wayne County, Michigan and its Prosecutor's Office;

Cynthia Gray Hathaway, a Wayne County Circuit Court Judge; Sarah DeYoung, an

assistant Wayne County prosecutor; Alfred Coleman, an investigator for the City of

Detroit, Michigan; Jerry Oliver, the former Chief of Police for the City of Detroit; and

Detroit police officers Charles Richards and Jujuan Sandifer.  Plaintiff sues Judge

Hathaway in her official capacity, but he sues the other individual defendants in their

*Fleming v. Wayne County*, No. 05-70617

personal and official capacities.

The complaint makes the following allegations. On March 29, 2002, Plaintiff was attacked by his "step sister,"[1] Ronda Fleming, in his residence on Oakland Street in Detroit. Plaintiff requested police assistance, but the responding police officers failed to enforce the laws equally and arrested Plaintiff without a warrant and in the absence of exigent circumstances. On March 30, 2002, Plaintiff was released from custody. He returned home and was feloniously assaulted by Gregory Hurrell, Ronda Fleming's boyfriend. Plaintiff called the 911 operator and informed the responding police officers where they might be able to find the armed assailant. The officers, however, decided not to investigate the matter. Plaintiff then went the police station and attempted to file a civil complaint for police misconduct and a criminal complaint for felonious assault by Mr. Hurrell. He was informed that the initial police reports would form the basis for a criminal complaint and that he should return on the following Monday to file a civil complaint for police misconduct.

The complaint further alleges that, on April 7, 2002, Ronda Fleming and Donnell Fleming attacked Plaintiff with a baseball bat and a large rubber mallet hammer at the Oakland Street address. Plaintiff recovered the bat from the floor and then hit Donnell with it. Defendants Charles Richards and Jujuan Sandifer subsequently entered the home

---

[1] The Court believes that Plaintiff means his half sister.

2

*Fleming v. Wayne County*, No. 05-70617

without a warrant, consent, or probable cause and in the absence of exigent circumstances.

Plaintiff was arrested and charged with first-degree home invasion and two counts of assault with intent to commit murder.  The prosecutor also served notice that Plaintiff was a fourth habitual offender.  Exhibits to the complaint indicate that Plaintiff pleaded guilty to two counts of felonious assault on August 12, 2002, and subsequently was sentenced by Judge Hathaway to concurrent terms of one to four years in prison.

The rambling complaint, which consists of 127 pages and several exhibits, alleges that the defendants conducted an unreasonable search and seizure, selectively prosecuted Plaintiff on the basis of his African-American race and male gender, violated Plaintiff's right to equal protection of the laws by not arresting Ronda and Donnell Fleming for domestic violence, adopted a first-come, first-served policy with regard to criminal complaints, withheld exculpatory evidence that the site of the incidents was Plaintiff's legal domicile, retaliated against Plaintiff for filing a civil rights complaint alleging selective withdrawal of police protection, and conspired to falsify evidence.  The complaint also asserts state tort claims for false arrest, assault and battery, and intentional infliction of emotional distress.

Some of these same issues were resolved against Petitioner and in favor of the City of Detroit in *Fleming v. City of Detroit*, No. 02-74146 (E.D. Mich. 2002).  Plaintiff

3

*Fleming v. Wayne County*, No. 05-70617

nevertheless seeks money damages and "other just and equitable relief this Honorable
Court deems necessary." Compl. at 127.

## II. Discussion

### A. Standard of Review

Plaintiff has been granted leave to proceed without prepayment of the filing fee for
this action. When screening an indigent prisoner's civil rights complaint against a
governmental entity, officer, or employee, a federal court must determine whether the
complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for
which relief may be granted, or (2) seeks monetary relief from a defendant who is
immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing
28 U.S.C. §§ 1915(e)(2) and 1915A. A complaint is frivolous if it lacks an arguable
basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

> Dismissal of a complaint for the failure to state a claim on which relief may
> be granted is appropriate only if it appears beyond a doubt that the plaintiff
> can prove no set of facts in support of his claim that would entitle him to
> relief. *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996)
> ("A motion to dismiss may be granted under Fed. R. Civ. P. 12(b)(6) 'only
> if it is clear that no relief could be granted under any set of facts that could
> be proved consistent with the allegations.'") (quoting *Hishon v. King &
> Spalding*, 467 U.S. 69, 73 (1984)).

*Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

### B. The Attack on Plaintiff's Conviction

4

*Fleming v. Wayne County*, No. 05-70617

The pending complaint is frivolous and fails to state a claim because it challenges Plaintiff's arrest, conviction, and incarceration.  A civil rights action is not a proper remedy for a state prisoner who is making a constitutional challenge to the fact or length of his custody.  *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  Plaintiff "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).  "This 'favorable termination' requirement is necessary to prevent inmates from doing indirectly through damages actions what they could not do directly by seeking injunctive relief – challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute."  *Nelson v. Campbell*, 541 U.S. 637, __, 124 S. Ct. 2117, 2124 (2004) (citing *Muhammad v. Close*, 540 U.S. 749__, 124 S. Ct. 1303, 1304 (2004)).

The Court recognizes that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction."  *Heck*, 512 U.S. 487 n.7.  The reason for this is that "such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful."  *Id.*  (emphasis in original).  However, to recover compensatory damages, "the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury which . . . does *not* encompass the 'injury' of being convicted

5

*Fleming v. Wayne County*, No. 05-70617

and imprisoned (until his conviction has been overturned)." *Id.* (internal citation

omitted) (emphasis in original).

The injury alleged here is Plaintiff's arrest and subsequent conviction, which has

not been overturned.[2] In fact, Plaintiff alleges that he currently is seeking habeas corpus

relief. Therefore, Plaintiff has failed to satisfy the "favorable termination" requirement of

*Heck*, and he may not recover money damages on the basis of his constitutional claims.

### C. Defendants Hathaway and De Young

The claims against Judge Hathaway and assistant prosecutor Sarah De Young must

be dismissed for the following additional reasons. Judge Hathaway was acting in her

judicial capacity in a criminal matter over which she had jurisdiction and therefore enjoys

immunity from suit. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991); *see also Brookings v.*

*Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (stating that "[t]he Supreme Court has

specifically held that state judges are absolutely immune from liability under 42 U.S.C. §

1983").

Assistant prosecutor Sarah De Young also enjoys immunity from damages

_____

[2] Plaintiff also alleges that the police used excessive force when arresting him, but he has not supported this allegation with any facts. The facts as alleged indicate that the injuries Plaintiff sustained on the day of his arrest occurred at the hands of Ronda and Donnell Fleming, who assaulted Plaintiff on the head with a bat or rubber mallet. Plaintiff has no right to relief on the basis of his vague, general, and conclusory allegation that the police used excessive force. *Terrance v. Northville Reg'l Psychiatric Hosp.,* 286 F.3d 834, 842 (6th Cir. 2002).

6

*Fleming v. Wayne County*, No. 05-70617

liability.  Plaintiff alleges that De Young conspired with defendant Alfred Coleman and

that she knew or should have known that the residence on Oakland Street was Plaintiff's

legal domicile.  Plaintiff further alleges that De Young attested to the truth of false

statements in the charging document and failed to disclose exculpatory evidence that

Plaintiff had reported assaults and threats made against him.

   Plaintiff maintains that De Young was acting in an investigative or administrative

capacity and, therefore, is not entitled to absolute immunity.  "A prosecutor's

administrative duties and those investigatory functions that do not relate to an advocate's

preparation for the initiation of a prosecution or for judicial proceedings are not entitled to

absolute immunity."  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  Plaintiff asserts,

however, at least on an alternative basis, that assistant prosecutor De Young performed no

investigation or performed a grossly inadequate investigation.  *Cf.* Compl. ¶¶ 131 and 134

with Compl. ¶ 133.  And the facts as alleged suggest that assistant prosecutor De Young's

conduct was related to the initiation of a criminal action against Plaintiff.  Therefore, she

is entitled to immunity.  *See Kalina v. Fletcher*, 522 U.S. 118, 131 (1997); *Buckley v.*

*Fitzsimmons*, 509 U.S. at 273; *Burns v. Reed*, 500 U.S. 478, 495 (1991); *Imbler v.*

*Pachtman*, 424 U.S. 409, 431 (1976).

   To the extent that assistant prosecutor De Young was responsible for failing to

charge Ronda or Donnell Fleming with criminal conduct, she was exercising the

discretion accorded prosecutors when deciding whom to prosecute and what charges to

*Fleming v. Wayne County*, No. 06-70617

file. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).  The fact that Ronda Fleming is

closely related to Plaintiff and the fact that Donnell Fleming is the same gender as

Plaintiff suggests that the decision to prosecute Plaintiff, but not Ronda or Donnell, was

not based on race and gender.

## III.  Conclusion

Plaintiff's constitutional claims lack an arguable basis in law.  Accordingly, those

claims are DISMISSED as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and

1915A(b).  With the dismissal of the federal claims, original jurisdiction over the state

tort claims is lacking.  The Court therefore exercises its discretion to dismiss Plaintiff's

claims for false arrest, assault and battery, and intentional infliction of emotional distress.

*See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Any appeal from this

order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3);

*Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114

F.3d 601, 610-11 (6th Cir. 1997).


                                    s/Arthur J. Tarnow
                                    Arthur J. Tarnow
                                    United States District Judge

Dated:  April 25, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record
on April 25, 2005, by electronic and/or ordinary mail.

                                    s/Catherine A. Pickles
                                    Case Manager

8